IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CRYSTALL MORGAN,<br><br>Plaintiff,<br><br>vs.<br><br>N.A.R., INC., OLSON ASSOCIATES, P.C., and MARK T. OLSEN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br>Case No. 2:06-CV-470 TS |

This Matter is Before the Court on Defendants' Motion for Summary Judgment,[1] Plaintiff's Motion for Extension of Time to Oppose Defendants' Motion for Summary Judgement,[2] Defendants' Motion to Strike Plaintiff's Summary Judgment Papers,[3] and Plaintiff's Fed. R. Civ. P. 56(f) Motion.[4]

---

[1] Docket No. 8.

[2] Docket No. 13.

[3] Docket No. 19.

[4] Docket No. 17.

I.  INTRODUCTION

This action stems from events that occurred in connection with a collection action taken by Defendants against Plaintiff.  On April 30, 2004, Defendant N.A.R. commenced a civil action against Plaintiff in the Third District Court of Salt Lake County for an alleged debt owing on an apartment lease.  On May 14, 2004, Plaintiff entered into a stipulation and confession of judgment for the debt owed.  Plaintiff breached the stipulation and, according to the terms therein, N.A.R. obtained judgment against Plaintiff on December 14, 2005.  On February 7, 2005, Defendants caused a writ of garnishment to be served on Plaintiff's employer, Home Depot.  The next day, Plaintiff contacted Defendants and made arrangements to pay the judgment in full.  On February 8, 2005, Plaintiff paid the Judgment in full.  On February 15, 2005, Defendants caused a satisfaction of judgment to be filed in the State Court Action.

In this action, Plaintiff alleges that Defendants continued to direct that Plaintiff's wages be garnished.  Specifically, Plaintiff states that Defendants caused two checks to be garnished, one on June 14, 2005, for $336.00, and another on June 26, 2005, for $186.00.  Plaintiff makes the following claims: (1) violations by Defendants of the Fair Debt Collection Practices Act ("FDCPA"),[5] (2) violation of the Utah Consumer Sales Practices Act ("UCSPA"),[6] (3) conversion, and (4) invasion of privacy, by intrusion upon seclusion.

Defendants filed a Motion for Summary Judgment on November 10, 2006.  On December 18, 2006, after the period for Plaintiff's response had passed, Plaintiff filed a Motion for

---

[5] 15 U.S.C. § 1692 *et seq*.

[6] Utah Code Ann. § 13-11-1 *et seq*.

Extension of Time to respond to Defendants' Motion.  Plaintiff then filed her Opposition Memorandum to Defendants' Motion for Summary Judgment on December 21, 2006.[7]  Plaintiff subsequently made a Rule 56(f) Motion, requesting additional discovery.  Defendants then filed a Motion to Strike all of Plaintiff's summary judgment papers as untimely.  Having reviewed the memoranda, the Court makes the following ruling.

## I.  DISCUSSION

### A.  *Plaintiff's Motion for Extension of Time*

Plaintiff seeks an extension of time for her late-filed Opposition Memorandum to Defendants' Motion for Summary Judgment.  In his Memorandum in Support, counsel for Plaintiff states that his failure to respond was due to his absence from his office, a four-day absence of his legal assistant, the convergence of deadlines in, and the requirements of, other cases.

Defendants oppose Plaintiff's Motion on the grounds that Plaintiff did not contact Defendant's counsel to request an extension and because Plaintiff's stated reasons for failing to timely respond are insufficient to merit extension.

Fed. R. Civ. P. 6(b) provides, in part, that, in the discretion of the Court, a motion for enlargement of time may be granted where such motion is "made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect."

---

[7]Plaintiff's Memorandum is also one in support of the later filed Rule 56(f) Motion.

> To determine whether the neglect is "excusable," the court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, and whether the movant acted in good faith." . . . Control over the circumstances of the delay is "the most important single . . . factor . . . in determining whether neglect is excusable."[8]

The Court notes that, as a general rule, where an attorney receives a motion and knew of the need to respond, but simply disregarded the deadline based on his workload, failure to respond is not neglect.[9] Moreover, a busy workload does not establish excusable neglect.[10] Also, as demonstrated below, consideration of Plaintiff's Opposition Memorandum would not affect this Court's determination of Defendants' Motion for Summary Judgment. Accordingly, the Court will deny Plaintiff's Motion.

   B. *Defendant's Motion to Strike*

Defendants move to strike Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiff's Motion for Discovery Under Rule 56(f),[11]

---

[8]*Stringfellow v. Brown*, No. 95-7145, 1997 WL 8856, at *2 (10th Cir. Jan. 10, 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993) and *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

[9]*Id.*

[10]*Id.*

[11]Docket No. 14.

the Declaration of Crystall Morgan,[12] Plaintiff's Rule 56(f) Motion for Discovery,[13] and (4) the Declaration of Ronald Ady.[14]  Defendants argue that all of these filings were untimely.

As mentioned above, the Court will not grant Plaintiff's Motion for Extension of Time.  Accordingly, the Court will not consider Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment.  Because the Memorandum will not be considered by the Court, the Court will grant Defendants' Motion to Strike it.  Significantly, as mentioned above, the Court does not feel that this prejudices Plaintiff.  Indeed, in an analogous example, the Court will not generally grant motions for failure to respond,[15] as the Tenth Circuit has stated that this is appropriate only when certain "aggravating factors outweigh[] the judicial system's strong predisposition to resolve cases on their merits."[16]  As discussed below, the Court believes that an assessment of the merits for the purposes of the Motions at hand is straightforward, even in the absence of Plaintiff's Opposition Memorandum.

The Court declines to strike the other filings mentioned by Defendant.  The Court finds no basis here for striking as untimely a Rule 56(f) Motion in response to a Motion for Summary

---

[12]Docket No. 16.

[13]Docket No. 17.

[14]Docket No. 18.

[15]*See, e.g.*, DUCivR 7-1(b).

[16]*Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (citing *Miller v. Dept. of Treasury*, 934 F.2d 1161, 1162 (10th Cir. 1991)).

Judgment which has not been decided, or any other affidavits, as long as they are filed a minimum of two business days before a scheduled hearing.[17]

    *C.  Plaintiff's Rule 56(f) Motion and Defendants' Motion for Summary Judgment*

As mentioned above, Defendants have filed a Motion for Summary Judgment as to all of Plaintiff's claims.  Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[18]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[19]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[20]  Importantly, "[s]ummary judgment should not be granted 'where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition.'"[21]

In response to Defendants' Motion, Plaintiff moves for denial or continuance of under Fed. R. Civ. P. 56(f).

---

[17] DUCivR 5-1(c); Fed. R. Civ. P. 56(c).

[18] Fed. R. Civ. P. 56(c).

[19] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[20] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

[21] *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1521 (10th Cir. 1992) (quoting *Anderson*, 477 U.S. at 257).

Fed. R. Civ. P. 56(f) provides that

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as just.

A prerequisite to granting relief under Rule 56(f) is an affidavit furnished by the movant.[22] A movant should explain why facts precluding summary judgment cannot be presented, including identifying the facts that are not available, and what steps they have taken to obtain them.[23] Plaintiff here has filed such an affidavit. A movant should also state with specificity how additional material will rebut the summary judgment motion.[24] While Plaintiff seeks denial or continuance of summary judgment as to all claims collectively, the Court, in seeking to apply the rule to achieve justice, considers this adequate and proceeds by examining each claim.

1. FDCPA, CSPA, and Conversion Claims

    i. Claims Generally

Defendants argue that they are entitled to summary judgment on Plaintiff's FDCPA claim because the undisputed facts demonstrate that Defendants released the writ of garnishment, filed a satisfaction of judgment, and terminated all collection activities as soon as Plaintiff paid the judgment. Defendants also argue that they are entitled to summary judgment as to the CSPA claim because they did not engage in any improper or deceptive conduct under the statute.

---

[22]*Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992).

[23]*See id.*

[24]*Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006).

Finally, Defendants argue that they are entitled to summary judgment on the conversion claim because Defendants never had any intent to exercise dominion or control over any money belonging to plaintiff.

Significantly, all of these assertions made by Defendants regarding the abovementioned claims are factual.  As pointed out by Plaintiff's Rule 56(f) Motion and accompanying affidavit, Plaintiff, as of the filing date of Defendants' Motion, had not conducted any discovery as to these issues.  Furthermore, it is unclear whether any discovery has been conducted to date.  Accordingly, summary judgment would be premature, and the Court will grant Plaintiff's Rule 56(f) Motion as to the abovementioned claims generally, with the exception of statutory damages under the FDCPA mentioned below, and will continue Defendants' Motion for Summary Judgment on these specific issues.

      ii.  Statutory Damages under the FDCPA

Defendants also ask the Court to rule on the specific issue of whether the maximum amount of statutory damages which a plaintiff can recover under the FDCPA is $1000, rather than $1000 from each defendant, as Plaintiff alleges in her Complaint.  Defendants cite the cases of *White v. Bruck*,[25] and *Beattie v. D.M. Collections*[26] in support of this proposition.

While this issue has not been explicitly addressed in the Tenth Circuit, every Federal Court of Appeals which has addressed it has held that a plaintiff is only entitled to recover $1000, per action, in statutory damages under the FDCPA.[27]  This clearly predominant view is

---

[25] 927 F. Supp. 1168 (W.D. Wis. 1996).

[26] 764 F. Supp. 925 (D. Del. 1991).

[27] *Goodmann v. People's Bank*, 209 Fed.Appx. 111, 114 (3d Cir. 2006) (unpublished opinion); *Wright v. Financial Serv. Inc.*, 22 F.3d 647 (6th Cir. 1994); *Harper v. Better Bus.*

8

supported by the plain language of the FDCPA which states that "in the case of any action by an individual, . . . the court may allow [damages] but not exceeding $1000."[28]  The Court holds as a matter of law that Plaintiff in this action, should she succeed on the FDCPA claim, would only be entitled to $1000 total in statutory damages.

        3.  Invasion of Privacy Claim

Defendants argue in their summary judgment motion that Plaintiff fails to state a claim for invasion of privacy.

To prove the tort of invasion of privacy based on an intrusion upon seclusion, Plaintiff must show: "(1) that there was 'an intentional substantial intrusion, physically or otherwise, upon the solitude or seclusion of the complaining party,' and (2) that the intrusion 'would be highly offensive to the reasonable person.'"[29]

> With respect to the first element, there are two forms of intrusion upon a person's seclusion.  One form . . . consists of intrusion upon the plaintiff's physical solitude or seclusion, as by invading his home or other quarters, or an illegal search of his shopping bag in a store.  The principle has, however, been carried beyond such physical intrusion, and extended to eavesdropping upon private conversations by means of wiretapping and microphones; and there are decisions indicating that it is to be applied to peering into the windows of a home, as well as persistent and unwanted telephone calls. . . .[30]

Plaintiff has not pleaded any such conduct here.  Even construing Plaintiff's allegations to assert that Defendants' collection activity, and corresponding communications, form the basis for the claim, the Court would hold, as a matter of law, that such activity as is pleaded by

---

*Servs., Inc.*, 961 F.2d 1561 (11th Cir. 1992).

[28] 15 U.S.C. § 1692k(a)(2).

[29] *Stien v. Marriott Ownership Resorts, Inc.*, 944 P.2d 374, 378 (Utah Ct. App. 1997).

[30] *Id.*

supported by the plain language of the FDCPA which states that "in the case of any action by an individual, . . . the court may allow [damages] but not exceeding $1000."[28]  The Court holds as a matter of law that Plaintiff in this action, should she succeed on the FDCPA claim, would only be entitled to $1000 total in statutory damages.

    3.  Invasion of Privacy Claim

Defendants argue in their summary judgment motion that Plaintiff fails to state a claim for invasion of privacy.

To prove the tort of invasion of privacy based on an intrusion upon seclusion, Plaintiff must show: "(1) that there was 'an intentional substantial intrusion, physically or otherwise, upon the solitude or seclusion of the complaining party,' and (2) that the intrusion 'would be highly offensive to the reasonable person.'"[29]

> With respect to the first element, there are two forms of intrusion upon a person's seclusion.  One form . . . consists of intrusion upon the plaintiff's physical solitude or seclusion, as by invading his home or other quarters, or an illegal search of his shopping bag in a store.  The principle has, however, been carried beyond such physical intrusion, and extended to eavesdropping upon private conversations by means of wiretapping and microphones; and there are decisions indicating that it is to be applied to peering into the windows of a home, as well as persistent and unwanted telephone calls. . . .[30]

Plaintiff has not pleaded any such conduct here.  Even construing Plaintiff's allegations to assert that Defendants' collection activity, and corresponding communications, form the basis for the claim, the Court would hold, as a matter of law, that such activity as is pleaded by

---

*Servs., Inc.*, 961 F.2d 1561 (11th Cir. 1992).

[28] 15 U.S.C. § 1692k(a)(2).

[29] *Stien v. Marriott Ownership Resorts, Inc.*, 944 P.2d 374, 378 (Utah Ct. App. 1997).

[30] *Id.*

Plaintiff would not be highly offensive to a reasonable person.  Plaintiff does not explain how more time for discovery on this point would assist in responding to Defendants' arguments in this respect, and the Court believes that amendment of the Complaint would be futile.  Accordingly, the Court will deny Plaintiff's Rule 56(f) Motion as to the Invasion of Privacy Claim, and will grant Defendants' Motion for Summary Judgment on the claim.

### III.  CONCLUSION

For the forgoing reasons, it is therefore

ORDERED that Plaintiff's Motion for Extension of Time (Docket No. 13) is DENIED.  It is further

ORDERED that Defendants' Motion to Strike (Docket No. 19) is GRANTED IN PART.  Defendant's Motion is GRANTED in that Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment is stricken.  No other filings are striken.  It is further

ORDERED that Plaintiff's Rule 56(f) Motion (Docket No. 17) is GRANTED IN PART.  Plaintiff's Motion is GRANTED in that the Court continues Defendants' Motion for Summary Judgment on the FDCPA, CSPA, and Conversion Claims until discovery on these issues is completed.  The Court does not continue Defendants' Motion for Summary Judgment as it relates to the issue of statutory damages under the FDCPA, or Plaintiff's Invasion of Privacy Claim.  It is further

ORDERED that Defendants' Motion for Summary Judgment (Docket No. 8) is GRANTED IN PART and CONTINUED IN PART.  Defendants' Motion is GRANTED as to the issue of statutory damages under the FDCPA and as to Plaintiff's Invasion of Privacy Claim, but continued as mentioned above.

SO ORDERED.

DATED   July 18, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge