IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CRYSTALL MORGAN,<br><br>    Plaintiff,<br><br>vs.<br><br>N.A.R. INC., OLSON ASSOCIATES, P.C. and MARK T. OLSON,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:06-CV-470 TS |

    This matter comes before the Court on Defendants' Motion for Summary Judgment.[1]  For the reasons discussed below, Defendants' Motion will be granted.

    I.    Factual Background

    This action stems from events that occurred in connection with Defendants' collection action taken against Plaintiff.  On April 30, 2004, Defendant N.A.R. commenced a civil action against Plaintiff in the Third District Court of Salt Lake County for an alleged debt owing on an apartment lease.  On May 14, 2004, Plaintiff entered into a stipulation and confession of judgment for the debt owed.  Plaintiff breached the stipulation and, according to the terms

---

[1] Docket No. 45.

therein, N.A.R. obtained judgment against Plaintiff on December 14, 2005.  On February 7, 2005, Defendants caused a writ of garnishment to be served on Plaintiff's employer, Home Depot.  The next day, Plaintiff contacted Defendants and made arrangements to pay the judgment in full.  On February 8, 2005, Plaintiff paid the Judgment in full.  On February 15, 2005, Defendants caused a satisfaction of judgment to be filed in the State Court Action.

Defendants assert that on February 8, 2005, Defendant Olson Associates, P.C. notified Home Depot, orally and via facsimile, that the writ of garnishment was being released and that Home Depot did not need to withhold any monies from Plaintiff's wages.  Plaintiff disputes this assertion.

On June 21, 2005, Plaintiff contacted Defendant Olson Associates and notified them that her wages were being garnished.  This was the first notice that Defendants received that Plaintiff's wages were being garnished.  That same day, Defendant Olson Associates faxed a copy of the release of garnishment to Home Depot and included a notation that the garnishment had been released in February 2005 and therefore should cease.

On June 27, 2005, Defendant Olson Associates received a check from Home Depot ("First Home Depot check") in the amount of $335.32.  That check represented monies that had been withheld from Plaintiff's wages in the amount of $186.46.  The remaining monies had been withheld from another employee's wages.  Plaintiff's June 24, 2005 paycheck reflected the withholding of $186.46.

Defendant N.A.R., Inc. negotiated the First Home Depot check because it included amounts that had been rightfully withheld from another employee's paycheck.  Defendant N.A.R. Inc. applied those amounts to that employee's account.  On July 20, 2005, N.A.R. Inc.

issued a check payable to Plaintiff in the amount of $186.46.[2]  Plaintiff claims to have never received that check.

On June 30, 2005, Defendant Olson Associates received another check from Home Depot ("Second Home Depot check"), in the amount of $406.18, representing wages that had been withheld from Plaintiff's paychecks in May and June 2005.  The Second Home Depot check was returned to Home Depot on June 30, 2005.[3]  Home Depot paid Plaintiff back in the amount of $406.18 in November 2005.

On March 6, 2006, Plaintiff sent Defendants Mark Olson and Olson Associates a letter indicating that $186.46 was still owed to her.

II.     Procedural History

Plaintiff filed her Complaint on June 6, 2006, alleging four causes of action: 1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); 2) conversion; 3) invasion of privacy by intrusion upon seclusion; and 4) violation of the Utah Consumer Sales Practices Act, U.C.A. § 13-11-1, et seq. ("CSPA").  Defendants filed a Motion for Summary Judgment,[4] arguing that the alleged garnishment did not happen at all.  On July 18, 2007, the Court dismissed the claim for invasion of privacy and held that the maximum amount allowable under the FDCPA was $1,000, and reserved ruling on the remaining issues until discovery was

---

[2]Defs.' brief states that this check was issued on July 20, 2007 (Defs.' Mem. in Supp. of Summ. J., ¶ 13 (Docket No. 46.)).  However, the president and sole shareholder of Defendant N.A.R., Inc. indicates in his affidavit that the original check was issued on July 20, 2005 and a replacement check was issued in February 2007 (*Id.*, Ex. D, ¶¶ 8, 12).

[3]Defs.' brief states that the check was returned to Home Depot on June 28, 2007 (Defs.' Mem. in Supp. of Summ. J., ¶ 14).  However, an employee of Olson Associates states in her affidavit that she mailed the check back on June 30, 2005 (*Id.*, Ex. E, ¶ 10).

[4]Docket No. 8.

complete.[5]

Defendants filed second summary judgment motion on September 4, 2007,[6] asserting new grounds on which Plaintiff's claims were barred. Defendants assert that Plaintiff's claim under the FDCPA is barred by the applicable statute of limitations, that Plaintiff's FDCPA claim and conversion claim are barred on factual grounds, and that Plaintiff's state law claim is barred by Utah's doctrine of litigation privilege. Defendants did not renew the grounds from the summary judgment motion that was previously continued. On January 25, 2008, the Court set a hearing for March 5, 2008, for this second motion, intending to proceed without an opposition, as Plaintiff had not filed one.

On January 31, 2008, Defendants filed a Renewed Motion for Summary Judgment,[7] renewing the grounds that were continued from the first summary judgment motion.

On March 3, 2008, the Court cancelled the hearing, prepared to issue an order on the briefs. On March 4, 2008 at 6:19 p.m., Plaintiff filed an opposition to the second summary judgment motion, six months after the motion was filed. Plaintiff did not file a motion for leave to file an untimely response. Under DUCivR 56-1(f),[8] the Court will consider this second motion for summary judgment only on Defendants' brief.

III.   Discussion

Summary judgment is proper if the moving party can demonstrate that there is no genuine

---

[5]Docket No. 39.

[6]Docket No. 45.

[7]Docket No. 69.

[8]DUCivR 56-1(f) states that "[f]ailure to respond timely to a motion for summary judgment may result in the court's granting the motion without further notice."

issue of material fact and it is entitled to judgment as a matter of law.[9]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[10]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[11]    If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law.[12]  If it has not, summary judgment is not appropriate, for "[n]o defense to an insufficient showing is required."[13]

Defendants filed this second motion on September 4, 2007.  Plaintiff has not filed an opposition.  Therefore, the Court will examine the Defendants' second motion to determine if its burden of showing no material issues of fact and whether Defendants are entitled to judgment as a matter of law.

       A.     Statute of Limitations

Defendants assert that Plaintiff's FDCPA claim is barred by the applicable one-year statute of limitations because this suit was filed on June 6, 2006.

---

[9] *See* Fed. R. Civ. P. 56(c).

[10] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[11] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

[12] *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002).

[13] *Id*. (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970)).

15 U.S.C. § 1692k(d) provides that "[a]n action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs." "[A]ll that is required to trigger the statute of limitations is sufficient information to put plaintiffs on notice to make further inquiry if they harbor doubts or questions."[14]

Assuming without deciding that Defendants violated the FDCPA, the issue to be determined is the date of the alleged violation. Defendants put the date at February 8, 2005, based on Plaintiff's assertion that Defendants improperly withheld funds because they failed to notify Home Depot that the garnishment had been released on that date. Defendants claim, in the alternative, that the violation occurred on June 5, 2005, the final day of the last pay period from which Plaintiff's funds were garnished. The record shows that wages were withheld from Plaintiff's June 10, 2005 and June 24, 2005 paychecks. Thus, June 10, 2005 was the first date that Plaintiff was on notice that funds were withheld from her paycheck. Therefore, the statute of limitations does not bar this claim, filed on June 9, 2006.

      B.    FDCPA and conversion claims

Defendants assert that because Defendant Olson Associates notified Home Depot, at the latest, on June 21, 2005, that the garnishment had been released, the $186.46 withheld from Plaintiff's June 24, 2005 paycheck could not be a violation of the FDCPA by Defendants. Defendants further assert that because Home Depot, not Defendants, withheld the $186.46, after receiving notification that the garnishment had been released, a claim for conversion against Defendants must fail. With respect to the $408.16 that was withheld, Defendants assert that

---

[14] *Griffiths-Rast v. Sulzer Spine Tech*, 216 Fed. Appx. 790, 792-93 (10th Cir. 2007) (quoting *Macris v. Sculptured Software, Inc.*, 24 P.3d 984, 990 (Utah 2001)); *see also Houck v. Local Fed. Sav. and Loan. Inc.*, 996 F.2d 311, *3 (10th Cir. 1993) (date plaintiff knew of alleged electronic transfer errors tolled the one-year statute of limitations under 15 U.S.C. § 1693m(g)).

because that check was returned, those funds were not converted either.

### 1.    FDCPA Claim

Defendants cite no law in support of their position that the June 21, 2005 notification to Home Depot absolves them of liability under the FDCPA for the garnishment of $186.46 of Plaintiff's wages.  However, the Court has examined the Defendants' motion, as well as previous filings by both parties, and can find no action with respect to the $186.46 garnishment that can be attributed to Defendants.  The Court finds that the record reflects that Defendants notified Home Depot that the judgment had been satisfied at least by June 21, 2005, prior to Plaintiff's June 24, 2005 paycheck, therefore, any further garnishments were the result of Home Depot's actions, not Defendants'.  Thus, Plaintiff's FDCPA claim for the $186.46 garnishment fails.

### 2.    Conversion

"Conversion is an act of wilful interference with a chattel, done without lawful justification by which person entitled thereto is deprived of its use and possession . . . Although conversion results only from intentional conduct it does not however require a conscious wrongdoing, but only an intent to exercise dominion or control over the goods inconsistent with the owner's right."[15]

Defendants assert that they did not convert Plaintiff's $186.46 because they are not responsible for garnishment that Home Depot effectuated after receiving notification that the judgment was satisfied.  For the reasons discussed above, the Court agrees with Defendants.

Defendants also assert that because the $406.18 was returned to Plaintiff, these funds were not converted either.  The undisputed facts demonstrate that Defendants returned the

---

[15] *In re Ogden*, 314 F.3d 1190, 1200 (10th Cir. 2002) (citing *Allred v. Hinkley*, 8 Utah 2d 73, 328 P.2d 726, 728 (1958)).

$406.18 check to Home Depot on June 30, 2005, the very same day it was received. Thus, Defendants did not wilfully interfere with Plaintiff's possession of her money and Plaintiff's claim of conversion fails as a matter of law.

        C.    CSPA claim

For the same reasons discussed above, Plaintiff's claim under the CSPA must also fail. Actions, or the failure to act, on the part of Home Depot, cannot be imputed to Defendants when they notified Home Depot that the garnishment had been released and returned funds that had been improperly withheld from Plaintiff's checks.

IV.    Conclusion

Defendants have met their burden of showing that there are no material issues of fact and that they are entitled to summary judgment as a matter of law on Plaintiff's FDCPA and conversion claims. As a result, Defendants' Renewed Motion for Summary Judgment is moot. It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 45) is GRANTED. Judgment shall be entered in favor of Defendants and against Plaintiff on all remaining claims. The Clerk of Court is directed to close this case forthwith.

DATED   March 5, 2008.

                                            BY THE COURT:

                                            _____
                                            TED STEWART
                                            United States District Judge