IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CRYSTALL MORGAN,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>N.A.R., INC. et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S RULE 59 MOTION<br><br><br><br>Case No. 2:06-CV-470 TS |

This matter comes before the Court on Plaintiff's Motion for a New Trial.[1]  For the reasons discussed below, this motion will be denied.

I.      Background Facts

Plaintiff is Crystall Morgan and Defendants are N.A.R., Inc., Olson Associates, P.C., and Mark T. Olsen. This action stems from events that occurred in connection with Defendants' collection action taken against Plaintiff.  This Court granted summary judgment in favor of Defendants on March 5, 2008.[2]  The Clerk of Court's judgment was filed on March 10, 2008, and

---

[1]Docket No. 77.

[2]Docket No. 74.

was entered on the docket on March 11, 2008.  On March 25, 2008, Plaintiff filed the instant

Motion pursuant to Rule 59(a)(2) and 59(e) of the Federal Rules of Civil Procedure.

      II.      Discussion

      Rule 59(a)(2) applies when a party seeks "further action after a nonjury trial."[3]  Rule

59(e)  applies to motions to alter or amend judgment.  As this case was concluded on summary

judgment, rather than by a nonjury trial, the Court will consider this motion under Rule 59(e).

      Plaintiff asserts three grounds for reconsideration: 1) confusing summary judgment

motions complicated the briefing schedule, 2) problems in discovery hampered her ability to

appropriately address the issues in this case, and 3) an unresolved claim under the FDCPA

precludes summary judgment.  Defendants argue that 1) Plaintiff's motion for a new trial is

untimely; 2) Plaintiff failed to meet her burden under Rule 59(e); and 3) Plaintiff failed to

properly address the purported discovery issues prior to the entry of judgment.  In addition,

Defendants request an award of attorney's fees under Utah law because this action was brought

in bad faith.

      A.      Timeliness

      Rule 59(b) of the Federal Rules of Civil Procedure states that "[a] motion for a new trial

must be filed no later than 10 days after the entry of judgment."  A review of the case law reveals

that with respect to appeals, courts make a distinction between the date of filing and the date of

entry.[4]

---

[3]Fed. R. Civ. Pro. 59(a)(2).  *See also Greenwood Explorations, Ltd. v. Merit Gas and Oil Corp., Inc.*, 837 F.2d 423, 426 (10th Cir. 1988).

[4]*See United States v. Peach*, No. 96-3233, 113 F.3d 1247, 1997 WL 282867 (10th Cir. May 28, 1997) (unpublished).

In this case, the docket indicates that the clerk's judgment was dated and filed on March 10, 2008, but was not entered on the docket until March 11, 2008.  Pursuant to Rule 6(a)(2), Saturdays and Sundays are excluded for time periods less than 11 days.[5]  Thus, Plaintiff's Rule 59 motion was filed on the tenth business day after entry of judgment and is timely.

      B.      Rule 59(e)

Plaintiff asserts that "[t]he summary judgment briefing schedule was complicated by having two summary judgment motions outstanding at once."[6]  Plaintiff also argues that Defendants failed to comply with discovery requests and reargues the FDCPA issue.  Defendants argue that Plaintiff does not meet the Rule 59 burden for alteration or amendment of judgment.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[7]  Reconsideration under Rule 59(e) "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[8]

The Court agrees with Defendants that Plaintiff has not met the applicable burden for reconsideration.  Plaintiff instead attempts to lay the blame on calendaring problems and discovery issues, as well as attempting to revisit issues that have already been addressed in prior Court orders.  The Court will address each issue in turn.

---

[5]Fed. R. Civ. P. 6(a)(2).

[6]Mem. in Supp. at 2 (Docket No. 78).

[7]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[8]*Id.*

3

1.      Calendaring and discovery problems

The Court carefully detailed the procedural history of this case in its March 5, 2008 Memorandum Decision and Order.  However, because several summary judgment motions were filed and Plaintiff's counsel appears to misapprehend several timelines, the Court will again recount the relevant procedural history of this case.

This case was filed on June 9, 2006.[9]  Plaintiff asserted four causes of action: 1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); 2) conversion; 3) invasion of privacy by intrusion upon seclusion; and 4) violation of the Utah Consumer Sales Practices Act, U.C.A. § 13-11-1, et seq. ("CSPA"). On November 10, 2006, Defendants filed a motion for summary judgment ("first summary judgment motion").[10]  That motion asserted that the alleged garnishment of Plaintiff's wages did not occur at all, arguing that Defendants were entitled to summary judgment on all of Plaintiff's claims.  Defendants further argued that the maximum amount of damages allowable on the FDCPA claim is $1,000.

On December 18, 2006, Defendants filed a Request for Ruling on the first motion for summary judgment because Plaintiff failed to respond.[11]  Later that same day, Plaintiff filed a motion for extension of time.[12]  On December 21, 2006, Plaintiff filed an opposition to the first

---

[9]Docket No. 1.

[10]Docket No. 8.

[11]Docket No. 12.

[12]Docket No. 13.

summary judgment motion,[13] and Defendants subsequently filed a motion to strike that response as untimely.[14]

On July 18, 2007, the Court issued a Memorandum Decision and Order on several pending motions, including the first summary judgment motion and the motion to strike.[15]  In that order, the Court granted Defendants' motion to strike, and did not consider Plaintiff's opposition in deciding the summary judgment motion.  The Court held that because the FDCPA, CSPA, and conversion claims were based on factual assertions, summary judgment would be premature until further discovery had been conducted.  Therefore, those claims were continued.  However, the Court also found that under the FDCPA, the maximum amount of damages the Plaintiff could recover, if she was ultimately successful, is $1,000.  The Court granted summary judgment on Plaintiff's invasion of privacy claim.

After conducting further discovery, Defendants filed a Second Motion for Summary Judgment ("second summary judgment motion") on September 4, 2007.[16]  The Court notes that this motion is docketed as a "Second Motion for Summary Judgment."  In this motion, Defendants stated that they did not renew the continued portions of the first summary judgment motion, but rather asserted distinct grounds for summary judgment.  Plaintiff was aware of this

---

[13]Docket No. 14.

[14]Docket No. 19.

[15]Docket No. 39.

[16]Docket No. 45.

second summary judgment motion, as evidenced by a joint motion in which parties stipulated to an extension of Plaintiff's response deadline to November 12, 2007.[17]

Discovery continued and Defendants filed a Motion to Compel Discovery on October 10, 2007.[18]  On December 10, 2007, at a hearing held before Magistrate Judge Brooke Wells, the motion to compel was granted and Plaintiff was given until December 21, 2007 to comply with Defendants' request.  Defendants were also given until December 21, 2007 to supply information sought by Plaintiff.  Judge Wells instructed Plaintiff to file another motion to compel by January 4, 2008, in the event of any outstanding discovery matters at that time.

On January 25, 2008, this Court set a hearing for March 5, 2008, on the second motion for summary judgment, electing to proceed with disposition of this matter without a response from Plaintiff, as the stipulated November 12, 2007 deadline had long since passed.  On January 31, 2008, Defendants filed a Renewed Motion for Summary Judgment, in which the grounds continued from the first summary judgment motion were renewed.[19]  The Court notes that this motion is docketed as "Renewed Motion for Summary Judgment."

This Court reviewed the filings on the second motion for summary judgment and determined that oral argument on the motion would not be helpful to its disposition.  Therefore, on March 3, 2008, the March 5 hearing was stricken.  On March 4, 2008, Plaintiff filed an opposition to the second motion for summary judgment and a motion for discovery.  The Court issued a Memorandum Decision and Order on the second summary judgment motion on March

---

[17]Docket No. 48.

[18]Docket No. 53.

[19]Docket No. 69.

5, 2008.  As stated in that order, the only papers considered by the Court were the Defendants'

motion and accompanying memorandum, as Plaintiff had filed her brief nearly four months after

the deadline had passed.

Plaintiff cites *Hancock v. City of Oklahoma City*,[20] in support of her position that the

calendering error excuses Plaintiff's tardiness in filing her brief and that the Court's decision to

not consider Plaintiff's brief be re-evaluated.  In *Hancock*, the defendant filed a motion in limine,

proposed voir dire, requested jury instructions, a motion to bifurcate and a motion for summary

judgment three days before Christmas.[21]  On Christmas Eve, opposing counsel received copies of

all the filings, and the motion for summary judgment was overlooked.  After the deadline for

filing a response to the summary judgment motion had passed, the court entered summary

judgment in favor of Defendant, after which a motion to reconsider was denied.[22]  The Tenth

Circuit reversed judgment and remanded with instructions to grant the motion to reconsider,

noting that "[c]ounsel's mistake was but a single incident, completely unintentional and not

contumacious in nature."[23]

The facts in *Hancock* are easily distinguishable from the facts of this case.  Plaintiff's

failure can hardly be called a single mistake, as this was the second time that Plaintiff failed to

file an opposition brief.  Plaintiff was aware of the motion, as evidenced by the stipulated motion

to extend the response deadline.  Further, while the Court admits that three pending summary

---

[20]857 F.2d 1394 (10th Cir. 1988).

[21]*Id*. at 1395.

[22]*Id*.

[23]*Id*. at 1396.

judgment motions, one of which was granted in part and denied in part, are somewhat unusual, the docket reflected very clearly that each motion was separately filed and descriptively named. Further, Defendant stated very clearly in each memorandum which grounds remained pending and which grounds were to be argued therein.  Therefore, the Court finds Plaintiff's confusion argument unavailing.

As for the discovery issues, the Court agrees with Defendants' contention that the Plaintiff cannot cry foul at this point, particularly after the hearing before Judge Wells.  Plaintiff was instructed to file an additional motion to compel if Defendants did not adequately address her discovery issues, which Plaintiff did not do by the deadline given.  While Plaintiff did eventually file a discovery motion, two months late and in the same document as the belated opposition brief, the Court does not find this to be timely.  Therefore, the Court finds Plaintiff's discovery complaints to be unavailing.

2.   FDCPA claims

Plaintiff argues again several factual issues with respect to her FDCPA claim.  This Court ruled on that claim in its March 5 order.  Plaintiff does not assert an intervening change in the controlling law, nor does she assert any new facts that were previously unavailable.  The Court finds that Plaintiff does not meet her burden under Rule 59.  She merely asks the Court to revisit issues already decided, which the Court declines to do.

C.      Attorney's Fees

Defendants argue in their opposition brief that Plaintiff or Plaintiff's counsel should be ordered to reimburse Defendants' attorney's fees because this Rule 59 motion was asserted in bad faith.  Defendants argue that fees be awarded pursuant to Utah Code Ann. § 78-27-56(1), 15 U.S.C. § 1692k(a)(3), or 28 U.S.C. § 1927.

8

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  An award of fees under § 1927 does not require a finding of bad faith, but rather, "any conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to this court is sanctionable."[24]

As evidenced by the procedural history detailed above, Plaintiff's counsel has been dilatory in prosecuting this case.  Failing to manage his calendar, failing to timely respond to depositive motions, filing multiple requests for extensions of time, and failing to adequately respond to discovery requests unnecessarily prolonged litigation.  The Court finds that Plaintiff's counsel demonstrated conduct that manifests disregard of his duties to this Court in bringing this Rule 59 motion, as the problems asserted herein are largely of counsel's own making.  However, the Court does not find the conduct to rise to the level of intentional or reckless disregard.

Therefore, the Court finds that under 28 U.S.C. § 1927, an award of attorney's fees related to this motion is not proper.

IV.    Conclusion

It is therefore

ORDERED that Plaintiff's Motion for New Trial (Docket No. 77) is DENIED.  It is further

ORDERED that Plaintiff's Motion for Extension of Time (Docket No. 81) is DENIED AS MOOT.

---

[24]*Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1202 (10th Cir. 2008) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987)) (internal quotations omitted).

9

DATED   May 19, 2008.

BY THE COURT:

_____

TED STEWART
United States District Judge